UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,   Case No. 2:21-cv-34

      Plaintiff,   Hon.  Janet T. Neff
      U.S. District Judge

  v.

DAVID H. McGRATH,

      Defendant.
_____/

**REPORT AND RECCOMENDATION**

### I.   Introduction

On December 11, 2020, the People of the State of Michigan filed a criminal complaint against McGrath.  The complaint charged McGrath with two misdemeanors under Michigan law: (1) operating a motor vehicle without valid car insurance and (2) operating an unregistered motor vehicle.  (ECF No. 1-2, PageID.17.)  On February 23, 2021, McGrath filed a "Notice of Removal," in which he attempts to remove a criminal case from the 96th District Court of Marquette County.[1]  (ECF No.

---

[1]    The undersigned notes that McGrath's lawsuit is labeled as a civil matter.  A review of the docket reveals that McGrath removed a criminal prosecution and not a civil matter.  The Court also notes that there is no indication that The People of the State of Michigan have been served with McGrath's notice of removal.  If the Court declines to accept the undersigned's recommendation, it is respectfully recommended that the Court order McGrath to serve Plaintiffs with the notice of removal.  *See* 28 U.S.C. § 28 U.S.C. § 1447(a) ("the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.")

1

1.) A search of the Court's dockets reveals that McGrath has unsuccessfully attempted to remove other criminal prosecutions to federal court twice. *See People of the State of Michigan v. McGrath*, Case No. 2:18-cv-136 (W.D. Mich. Aug. 9, 2018) (remanded back to State court because McGrath failed to comply with 28 U.S.C. § 1455, which entails procedure for the removal of criminal prosecutions); *People of the State of Michigan v. McGrath*, Case No. 2:19-cv-169 (W.D. Mich. Aug. 29, 2019) (remanded for failure to comply with 28 U.S.C. § 1455).

In this case, McGrath's claims are difficult to discern from the notice, but he seems to allege violations to his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. According to McGrath, there is a conspiracy among Marquette police officers, county prosecutors, county judges, and public defenders to profit from the confiscation of his property.

After a review of the record, the undersigned respectfully recommends that the Court issue an order remanding this case back to the 96th District Court of Marquette County. The removal of McGrath's case to this Court is improper for two reasons. First, removal of McGrath's case is not justified under 28 U.S.C. § 1455, which establishes the procedure for removal of criminal cases. And second, McGrath's removal request is barred by the *Younger* abstention doctrine.

## II. Removal of a Criminal Prosecution

The procedure for the removal of a criminal prosecution is set forth in 28 U.S.C. § 1455. A defendant who seeks to remove a criminal prosecution from state court must file a notice of removal "containing a short and plain statement of the grounds

for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). The Court is required to examine the notice of removal promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In addition, pursuant to 28 U.S.C. § 1443(1), a state civil action or a state criminal prosecution may be removed to the U.S. District Court if the state action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The Supreme Court has stated that removal under this subsection is permitted only in rare situations. *City of Greenwood. v. Peacock*, 384 U.S. 808, 827 (1966). To remove a case under § 1443(1), the partying seeking removal must satisfy a two-part test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality. *Id.* "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial

3

discrimination, will not suffice." *Id*. "That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements[.]" *Id*. (citing *Peacock*, 384 U.S. at 825). Second, the defendant must be unable to or be denied the opportunity to enforce those rights in state courts. *Id*. "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id*. (internal quotation marks and citation omitted).

Here, McGrath fails to satisfy either prong of the two-part test. First, McGrath's alleged denial of rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments do not fall within the scope of Section 1443(1), as these amendments provide rights of "general application available to all persons or citizens," *Georgia v. Rachel*, 384 U.S. 780, 792 (1966), rather than a specific law providing for racial equality. At no point did McGrath articulate that his rights under 42 U.S.C. § 1981 were violated. Consequently, McGrath failed to allege any claim that would fall within the scope of Section 1443(1) and permit removal to federal court. *Peacock*, 384 U.S. at 825.

### III. *Younger* Abstention Doctrine

Similarly, McGrath's request for removal is barred by the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the United States Supreme Court explained that ongoing state criminal cases are generally left to the state courts

4

to adjudicate without interference by federal courts. The exceptions to *Younger* require a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. Although McGrath states that there is bad faith on the part of Plaintiffs, McGrath's statements are wholly conclusory and do not make an adequate showing. Therefore, McGrath's removal to federal court is also improper under the *Younger* abstention doctrine.

## IV.   Recommendation

For the above reasons, the undersigned respectfully recommends that the Court issue a summary remand order. If the Court accepts this recommendation, the case will be remanded back to the 96th District Court of Marquette County.

Dated:  March 9, 2021                                    /s/ *Maarten Vermaat*
                                                                        MAARTEN VERMAAT
                                                                        U.S. MAGISTRATE JUDGE


NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. ' 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).